O. Andrew Wheaton (# 151811)
  awheaton@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., formerly
known as Wachovia Mortgage, FSB,
formerly known as World Savings
Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARIA C MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1 - 50,<br><br>Defendants. | CASE NO.: 2:16-cv-00532-ODW-MRW<br><br>DEFENDANT WELLS FARGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL<br><br>Date: May 16, 2016<br>Time: 1:30 p.m.<br>Ctrm: 11<br><br>[Assigned to the Hon. Otis D. Wright, II] |

Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wells Fargo") hereby submits the following opposition to plaintiff Maria Medina's motion for relief from the order of dismissal. (Document 16.)

# 1. INTRODUCTION

On January 29, 2016, Wells Fargo filed its motion to dismiss, which was set for hearing on March 21, 2016. (Document 11.) On March 8, 2016, following plaintiff's failure to oppose the motion by February 29, 2016, the Court granted Wells Fargo's motion without leave to amend. (Document 13.)

On March 31, 2016 – without complying with the meet and confer requirements of L.R. 7-3 -- plaintiff filed her initial motion for relief. (Document 14.) On April 11, 2016, the motion was re-filed. (Document 16.)

Plaintiff's motion is premised sole on her counsel's assertion that he "inadvertently did not set up a reminder on [his] computer regarding the February 29, 2016 due date to file an Opposition to Defendant's Motion to Dismiss." (Document 16-1:, p. 11:5-6.) That argument fails to address that counsel's carelessness -- in and of itself -- does not provide grounds for relief under Federal Rule of Civil Procedure 60(b)(1). *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. Mont. 1992); *Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 337 (E.D. Cal. 2010).

# 2. ARGUMENT

**A.  Legal Standard.**

Federal Rule of Civil Procedure 60(b) provides that the grounds for a motion for relief from final judgment or order are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by the opposing party; (4) voiding of judgment; (5) the judgment has been satisfied; or (6) any other reason justifying relief. It is within the court's discretion to grant or deny a motion under Rule 60(b). *Thompson v. The Housing Authority of the City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986).

The Ninth Circuit has emphasized that there is a compelling interest in the finality of judgments. *Hernandez-Rivera v. Immigration & Naturalization Service*, 630 F.2d 1352, 1354 (9th Cir. 1980). Thus, a decision to overturn a judgment under Rule 60(b) is considered "extraordinary relief, which may be granted only upon a showing of exceptional circumstances." *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995).

### B. Plaintiff Failed To Meet Her Burden Under Rule 60(b)(1).

A party seeking relief from an order of dismissal under Rule 60(b)(1) must show "mistake, inadvertence, surprise or excusable neglect." FRCP 60(b)(1). If brought within a reasonable time, the moving party then bears the burden of proving the mistake, surprise, inadvertence or excusable neglect. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). These terms essentially boil down to whether the movant has a good excuse for the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 520 (9th Cir. 1987). Additionally, the movant must establish a meritorious response to the motion or complaint leading to the default. *Cassidy, supra,* 856 F.2d at 1415.

In determining whether the moving party has shown excusable neglect, the Court should consider several factors, including whether the default resulted from the moving party's culpable conduct, the moving party has a meritorious defense, and whether setting aside the dismissal would prejudice the non-moving party. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007). Because clients are accountable for the conduct of their attorneys, the standard is the same whether the negligent conduct was committed by the party or the attorney. *See Pioneer Investment Svs. Co. v. Brunswick Associates Ltd*, 507 U.S. 380, 386 (1993).

Even if a party moving for relief under Fed. R. Civ. P. 60 acted promptly and was able to demonstrate excusable neglect, the motion should be denied if the movant fails to present a meritorious defense. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *see also, Local 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir. 1992)*; Boyd v. Bulala,* 905 F.2d 764, 769 (4th Cir. 1990) ("[A] threshold condition for granting [60(b)] relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture."); *Lepkowski v. U.S. Dep't of Treasury,* 804 F.2d 1310, 1314, 256 U.S. App. D.C. 281 (D.C. Cir. 1986) ("[M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense."). To carry this burden, the litigant must articulate specific facts that would constitute a defense which would make results at trial different than by default. *Id.*. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

In its motion to dismiss, Wells Fargo argued that many of plaintiff's claims were time-barred. (Document 11, pp. 6:8-10; 7:26-27; and 12:22-25.). In her motion, no attention was offered regarding the legal basis to oppose Wells Fargo's motion to dismiss. Simply put, the instant motion contains no discussion that plaintiff's civil action would not have been dismissed, had she filed an opposition to Wells Fargo's motion to dismiss.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 3. CONCLUSION

For the reasons set forth above, Wells Fargo requests that the Court deny the motion to set aside the dismissal.

Respectfully submitted,

Dated: April 14, 2016

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ O. Andrew Wheaton
O. Andrew Wheaton
awheaton@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff:*

Andrew M. Weitz
LAW OFFICE OF ANDREW M. WEITZ
6345 Balboa Blvd., Bldg. 1, Suite 214
Encino, CA 91316

Tel: (818) 928-7008    Fax: (818) 654-6822

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on April 14, 2016.

| Kimberly Wooten | /s/ Kimberly Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

93000/FR1811/01388134-1

CASE NO.: 2:16-cv-00532-ODW-MRW
CERTIFICATE OF SERVICE