O

# United States District Court
# Central District of California

| | |
|---|---|
| MARIA C. MEDINA,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1–50, inclusive,<br><br>  Defendants. | Case № 2:16-cv-00532-ODW(MRWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [16]** |

## I.   INTRODUCTION

On March 8, 2016, this Court granted Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss based on Plaintiff Maria Medina's failure to file a timely opposition. C.D. Cal. L.R. 7-12. Three weeks later, Plaintiff filed the instant Motion for Relief from Judgment, wherein she argues that her failure to oppose Defendant's Motion was due to excusable neglect. (ECF No. 16.) For the reasons discussed below, the Court **DENIES** Plaintiff's Motion. (ECF No. 16.)[1]

///

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

In February 2008, Plaintiff Maria Medina took out a loan from Defendant Wells Fargo Bank, N.A. to purchase property located in West Covina, California. (Not. of Removal, Ex. A ("Compl.") at 1–2.) In October 2013, Defendant recorded a Notice of Default with the Los Angeles County Recorder's office. (Def.'s Req. for Judicial Notice, Ex. E at 31–32, ECF No. 12.) On December 16, 2015, Plaintiff filed this action in the Los Angeles Superior Court, asserting eight state-law claims. On January 25, 2016, Defendant removed the case to this Court based on diversity jurisdiction. (ECF No. 1.) Four days later, Defendant moved to dismiss Plaintiff's Complaint on myriad grounds, including the failure to state a claim, judicial estoppel, and expiration of the limitations period, and set the matter for hearing on March 21, 2016. (ECF No. 11.) On March 8, 2016, having not received any opposition from Plaintiff, the Court granted the Motion under Local Rule 7-12 and closed the case. (ECF No. 13.)

Three weeks later, Plaintiff moved for relief from the order dismissing her complaint under Federal Rule of Civil Procedure 60(b). (ECF No. 16.) Defendant timely opposed, and Plaintiff timely replied. (ECF Nos. 18, 19.) That Motion is now before the Court for consideration.

## III. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

*Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam).  However, these factors do not constitute "an exclusive list."  *Briones*, 116 F.3d at 381; *Bateman*, 231 F.3d at 1223.  "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## IV.   DISCUSSION

Plaintiff's counsel states that he failed to timely oppose Defendant's motion because he did not calendar its due date, and contends that this constitutes excusable neglect.  (Decl. Weitz at 2, ECF No. 16-1; Mot. 4, ECF No. 16.)  Defendant disagrees that the neglect was excusable.  Moreover, Defendant contends that Plaintiff made no arguments in opposition to the merits of Defendant's Motion to Dismiss, and therefore failed to show that relief from judgment would not be a "futile exercise."  (Opp'n 3–4, ECF No. 17.)  Plaintiff responds with threadbare arguments in support of three of the eight claims in her Complaint, and states that she will abandon the remaining claims if given relief from judgment.  (Reply 2, ECF No. 18.)  The Court finds that while the *Pioneer* factors do not conclusively show that Plaintiff is not entitled to relief, the woefully inadequate arguments advanced in support of her claims do.

**A.   *Pioneer* Factors**

The Court finds that three of the four *Pioneer* factors weigh in Plaintiff's favor.

**1.   Prejudice**

There will be little (if any) prejudice to Defendant if Plaintiff is permitted to move forward with her case.  Besides Defendant losing its "quick victory," *Bateman*, 231 F.3d at 1225, granting Plaintiff relief will leave the parties in the exact same position as if Plaintiff timely opposed the Motion to Dismiss.  Moreover, to the extent that prejudice to the movant is a relevant consideration, *Lemoge*, 587 F.3d at 1195, this also weighs in Plaintiff's favor given that the order from which she seeks relief is one dismissing her complaint in its entirety.  As a result, this factor weighs in favor of

Plaintiff.

### 2. Length of Delay

Nor has Plaintiff's counsel's neglect caused any significant delay in the proceedings. Plaintiff moved for relief only three weeks after the Court granted Defendant's Motion. This is sufficiently prompt under Rule 60(b)(1). *Bateman*, 231 F.3d at 1225 (filing a Rule 60(b) motion one month after the order in question was "not long enough to justify denying relief"). Thus, this factor also favors Plaintiff.

### 3. Reason for Delay

This factor, however, favors Defendant. Plaintiff's counsel gives no reason for his failure to timely oppose Defendant's Motion other than that he simply did not calendar its due date. The Court finds this reason insufficient. If counsel's bare, unadorned negligence were enough to grant relief, the word "excusable" would lose all meaning. *See, e.g.*, *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." (citing *Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6–7 (1st Cir. 2001); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 630–31 (1st Cir. 2000))). As the Court in *Pioneer* noted, the requirement that the neglect be "excusable" is what "will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve." 507 U.S. at 395. Indeed, cases that have granted relief all involved something more than just failing to note the relevant deadline. *Pioneer Inv. Servs. Co.*, 507 U.S. at 398 (counsel failed to file timely proof of claim because, contrary to usual practice, notice of the claims-filing deadline was placed in an inconspicuous area of the notice sent to creditors); *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006) (same); *Bateman*, 231 F.3d at 1222–23 (counsel was required to travel to Africa due to a family emergency, and unsuccessfully sought an extension of time from defendant's counsel to oppose their motion for summary judgment); *Lemoge*, 587 F.3d at 1197 (counsel failed to timely serve a complaint in part because he had severe

medical complications from a staph infection that required him to undergo "three surgeries, skin grafts, extensive therapy, and a full regimen of medications"); *but see Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (affirming district court's finding of excusable neglect for paralegal's misreading of a simple rule governing a filing deadline, but noting that "[h]ad the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse"). Consequently, the Court concludes that this factor favors Defendant.

### 4. Good Faith

Finally, there is no showing that Plaintiff acted in bad faith by not timely opposing Defendant's Motion. Thus, this factor favors Defendant.

## B. Likelihood of Success on Underlying Motion

While inquiry into the movant's likelihood of success on the underlying motion is not one of the *Pioneer* factors, the Court concludes that it is an appropriate consideration under the circumstances. *See Pincay*, 389 F.3d at 859 (noting that the excusable neglect analysis can also include "whether the lawyer had otherwise been diligent, . . . the quality of representation of the lawyers . . . , and the likelihood of injustice" if relief is not granted); *Lemoge*, 587 F.3d at 1198 (analyzing whether Plaintiff would be entitled to additional time to serve his Complaint under Rule 4(m) in deciding to grant relief under Rule 60(b)(1) for counsel's failure to do so); *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (considering whether defendant had a "meritorious defense" in deciding whether to set aside a default judgment under Rule 60(b)(1)); *Butler v. Boeing Co.*, 175 F. Supp. 2d 1307, 1310 (D. Kan. 2001) (declining to grant relief under Rule 60(b)(1) because "plaintiff has not produced a response to defendant's [underlying] motion or even intimated what the substance of his 'meritorious' response would be"); *Feeney v. AT & E, Inc.*, 472 F.3d 560, 564 (8th Cir. 2006) (granting relief for failure to timely oppose motion for summary judgment in part because counsel showed "a decisive defense on the merits to the judgment of rescission"); *but see Bateman*, 231 F.3d at 1225 (not considering merits of underlying

motion for summary judgment in granting relief for counsel's failure to timely oppose that motion).

Here, Plaintiff's moving papers did not address the merits of Defendant's Motion to Dismiss. After Defendant pointed out this deficiency, Plaintiff articulated the following arguments in reply:

> The Unlawful Business Practices claim is one with a good probability of success. It alleges specific violative acts of defendant and discovery may lead to more. When plaintiff proves those acts, she will win on that claim.
> The Breach of Covenant claim is probably a winner for Plaintiff too since there is no dispute as to the existence of the covenant and the only question is was and how was it breached.
> The Homeowner Bill of Rights Cause of Action looks like a definite probability of plaintiff prevailing here. There's just a few piece of evidence that we'll get through discovery [that] we need to make this a very viable claim.
> Please note, all other causes of action not mentioned in this brief are waived and will not be pled if given an opportunity to amend.

(Reply 2.)

To describe these statements as a "defense" of Plaintiff's claims is generous. They do nothing to show that Plaintiff has even pleaded a prima facie claim, let alone that the Court should overrule Defendant's affirmative defenses of judicial estoppel and expiration of the limitations period. If these were the arguments that Plaintiff's counsel intended to assert in opposition to the Motion to Dismiss, the Court would have held that Plaintiff effectively failed to oppose the Motion. *See Aguilar*, 782 F.3d at 1108 (court need not consider an undeveloped argument that is not supported by citations to authority in deciding whether to grant relief from judgment); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."); *United States v. Ramirez*, 448 F. App'x 727, 729 (9th Cir. 2011) (making conclusory arguments without citation to authority is insufficient to preserve the argument); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting

for truffles buried in briefs.").

Plaintiff's woefully underdeveloped arguments are all the more inexcusable given that it was counsel's lack of diligence that led to the Court dismissing the case in the first place. As a result, the Court sees no reason to allow Plaintiff to further pursue her claims in this case.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Relief from Judgment. (ECF No. 58.)

**IT IS SO ORDERED.**

May 20, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**